**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| THE FORD PLANTATION CLUB, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO.: 4:19-cv-00261-RSB- |
| | ) | CLR |
| | ) | |
| NEW YORK MARINE AND GENERAL | ) | |
| INSURANCE COMPANY and | ) | |
| HARTFORD STEAM BOILER | ) | [on removal from Superior Court |
| INSPECTION AND INSURANCE | ) | of Bryan County Case No. |
| COMPANY, | ) | SUV2019000348] |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**CONSENT MOTION TO DISMISS DEFENDANT HARTFORD STEAM
BOILER INSPECTION AND INSURANCE COMPANY**

COME NOW Plaintiff The Ford Plantation Club, Inc. and Defendants New

York Marine and General Insurance Company ("New York Marine") and Hartford

Steam Boiler Inspection and Insurance Company ("HSB"), and jointly show this

Court as follows:

STATEMENT OF FACTS

New York Marine issued policy number PK201700007890 (the "Policy") to

The Ford Plantation Club, Inc. and The Ford Plantation Association for the period

June 1, 2017 to June 1, 2018.  HSB is reinsurer for limited portions of that Policy, namely, the Equipment Breakdown Coverage Endorsement.

Plaintiff's Complaint contains two causes of action.  In the first cause of action for breach of contract, Plaintiff alleges that New York Marine and HSB "breached the insurance contract and Policy with Plaintiff by, among other things, failing and refusing to make prompt insurance benefit payments to Plaintiff, which are past due and owing under the Policy."  (*See* Complaint, ¶ 31.)  In the second cause of action for bad faith, Plaintiff alleges that New York Marine and HSB's "conduct in refusing to fully indemnify Plaintiff for its loss under Policy No. PK201700007890 constitutes bad faith under Georgia law[.]"  (*See* Complaint, ¶ 39.)  HSB never entered into an insurance policy or any other contract with Plaintiff and therefore, it is not a required or indispensable party to this case.

<u>ARGUMENT AND CITATION TO AUTHORITY</u>

The above-referenced parties respectfully move this Court to dismiss Defendant HSB as a party to this lawsuit.  Federal Rules of Civil Procedure Rule 21 provides in pertinent part, "On motion or on its own, the court may at any time, on just terms, add or drop a party."  In order to exercise the ability to remove a party under Federal Rules of Civil Procedure Rule 21, the Court must first ascertain whether the party sought to be dismissed is not indispensable to the

lawsuit, in accordance with Federal Rules of Civil Procedure Rule 19.  Molinos Valle Del Cibai, C. por A. v. Lama, 633 F.3d 1330, 1344 (11th Cir. 2011).  This first requires a determination of whether said party is required.  Id.

Plaintiff, in its Complaint, seeks benefits allegedly owed to it under the Policy.  The only two causes of action alleged in the Complaint – breach of contract and bad faith – are related to the Policy.  However, HSB is not a party to the Policy.  Rather, HSB is the reinsurer for the Policy's Equipment Breakdown Coverage Endorsement.  HSB never entered into any contract with Plaintiff.  Accordingly, all parties agree that HSB is not an indispensable party and should be dismissed from this action.

## CONCLUSION:

For the reasons set forth above, Plaintiff The Ford Plantation Club, Inc. and Defendants New York Marine and General Insurance Company and Hartford Steam Boiler Inspection and Insurance Company respectfully request that this Court GRANT their Consent Motion To Dismiss Defendant Hartford Steam Boiler Inspection and Insurance Company only.  New York Marine and General Insurance Company will remain a part of the subject action.

**[SIGNATURES APPEAR ON FOLLOWING PAGE]**

Consented to this the 13th day of November, 2019.

MERLIN LAW GROUP, P.A.

*/s/ Ashley N. Harris*
Ashley N. Harris
Georgia Bar No. 786008
*Attorney for Plaintiff*

777 S. Harbour Island Blvd.
Suite 950
Tampa, FL 33602
(813) 229-1000
aharris@merlinlawgroup.com

SWIFT, CURRIE, McGHEE & HIERS

*/s/ Christy Maple*
Christy M. Maple
Georgia Bar No. 240807
*Attorney for Defendant Hartford Steam Boiler Inspection and Insurance Company*

1355 Peachtree St., N.E.
Suite 300
Atlanta, GA 30309-3238
(404) 874-8800
Christy.Maple@swiftcurrie.com

**[SIGNATURES CONTINUE ON FOLLOWING PAGE]**

E. ALAN MILLER, P.C.

*/s/ E. Alan Miller*
E. Alan Miller
Georgia Bar No. 506569
William F. Prosch, III
Georgia Bar No. 713564
*Attorney for Defendant New York Marine and General Insurance Company*

3379 Peachtree Road N.E.
Suite 400
Atlanta, GA 30326
(404) 909-8117
eamiller@martensonlaw.com
tprosch@martensonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **CONSENT MOTION TO DISMISS DEFENDANT HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY** via the CM/ECF System which will automatically send notification to all counsel of record as follows:

Ashley N. Harris
Merlin Law Group, P.A.
777 S. Harbour Island Blvd., Suite 950
Tampa, FL 33602
aharris@merlinlawgroup.com
*Attorney for Plaintiff*

E. Alan Miller
William F. Prosch, III
E. Alan Miller, P.C.
3379 Peachtree Road, N.E., Suite 400
Atlanta, GA 30326
*Attorney for Defendant New York Marine
and General Insurance Company*

**[SIGNATURES ON FOLLOWING PAGE]**

This 13th day of November, 2019.

SWIFT, CURRIE, McGHEE & HIERS

*/s/ Christy Maple*
Christy M. Maple
Georgia Bar No. 240807
*Attorney for Defendant Hartford Steam Boiler Inspection and Insurance Company*

1355 Peachtree St. NE, Suite 300
Atlanta, GA 30309-3238
(404) 874-8800
Christy.maple@swiftcurrie.com

4157847v.1