IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| THE FORD PLANTATION CLUB, INC., <br><br> Plaintiff, <br><br> v. <br><br> NEW YORK MARINE AND GENERAL INSURANCE COMPANY and HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, <br><br> Defendants. | CIVIL ACTION NO.: <br> 4:19-cv-00261-RSB-CLR |

## RULE 26(f) REPORT

The attorney(s) and/or unrepresented parties listed below certify that:

1) they have read the Court's Rule 26 Instruction Order entered in this case;

2) they have held a conference, in person or telephonically, pursuant to Federal Rule of Civil Procedure 26(f); and

3) they have discussed the case and jointly prepared the following Rule 26(f) Report.

Identify, for each party, the attorney(s) and/or unrepresented parties who attended the Rule 26(f) Conference, the counsel or unrepresented parties who participated in preparing the Rule 26(f) Report, and the date of the Rule 26(f) Conference:

November 5, 2019
Ashley N. Harris, Esquire, on behalf of Plaintiff
William C. Harris, Esquire, on behalf of Plaintiff
E. Alan Miller, Esquire, on behalf of New York Marine and General Ins. Co.
William F. Prosch, III, Esquire, on behalf of New York Marine and General Ins. Co.
Christy Maple, Esquire, on behalf of Hartford Steam Boiler Inspection and Ins. Co.

## I. INITIAL MATTERS:

### A. Jurisdiction and Venue

The defendant(s)

☐ does    ☒ does not

contest jurisdiction and/or venue (for multiple defendants, identify which defendants contest jurisdiction and/or venue). If contested, such position is because:

1) Jurisdiction:

Not applicable.

2) Venue:

Not applicable.

### B. Immunity

The defendant(s)

☐ has raised    ☐ will raise    ☒ will not raise

an immunity defense based on:

Not applicable.

C. **Stay of Discovery Due to Motion to Dismiss, Transfer, or Remand**

If a motion to dismiss, transfer, or remand has been or will be filed, or if any party will otherwise raise an initial defense including lack of jurisdiction, improper venue, or immunity, state whether the parties wish to delay proceeding with discovery until those issues have been decided. If so, state (i) the earliest a motion to dismiss or transfer will be filed; and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion.

Should any party seek a stay of discovery due to the filing of a motion to dismiss, the party must file a motion to stay and state within the motion whether the other parties join in, consent to, or oppose the motion.

The Parties filed a Consent Motion to Dismiss Defendant Hartford Steam Boiler Inspection and Insurance Company on November 13, 2019. No other Motion to Dismiss is anticipated by the Parties.

**II.**

## II. SETTLEMENT:

### A. Settlement Efforts to Date

The parties state:

☐ They have not yet taken any efforts to resolve this dispute.

☒ They have taken efforts to resolve this dispute, and those efforts generally consisted of:

Prior to the filing of this lawsuit, Plaintiff and New York Marine and General Insurance Company entered into a Policyholder's Release dated October 23, 2018 (see Policyholder's Release attached). Plaintiff asserts that it was expressly understood and agreed that the Policyholder's Release did not apply to any amounts owed under the Policy's Equipment Breakdown Coverage endorsement which was reinsured by Hartford Steam Boiler Inspection and Insurance Company (see October 19, 2018 correspondence attached). Thereafter, Plaintiff submitted separate demands on July 3, 2019 to New York Marine and General Insurance Company and Hartford Steam Boiler Inspection and Insurance Company pursuant to O.C.G.A. section 33-4-6.

On August 30, 2019, undersigned counsel for Hartford Steam Boiler Inspection and Insurance Company – as reinsurer of the Policy's Equipment Breakdown Coverage endorsement, and unaware of the separate demand to New York Marine and General Insurance Company – responded to Plaintiff's July 3, 2019 demand, advising that New York Marine and General Insurance Company would issue an additional payment in the amount of $14,767.95 under the Equipment Breakdown Coverage endorsement.

Thereafter, on September 6, 2019, New York Marine and General Insurance Company, based on the October 23, 2018 Policyholder's Release, advised Plaintiff that it would not make any counter-offer to Plaintiff's July 3, 2019 demand. Further, on September 19, 2019, New York Marine and General Insurance Company advised that no additional payment would be issued as previously indicated in the August 30,

2019 correspondence.

There have been no settlement discussions since the Policyholder's Release was executed on October 23, 2018 subject to the above described letters. (see Policyholder's Release attached).

B. **Early Settlement Discussion**

Counsel certify that, as required by the Rule 26 Instruction Order, they have discussed the potential for settlement between themselves and explored early involvement in alternative dispute resolution with their clients, and:

☐ The parties are prepared to discuss settlement with the Court at this time.

☒ The parties will not be prepared to discuss settlement until: fact discovery is completed.

If the parties will not be prepared to discuss settlement until a later date, explain why, including what, if any, discovery the parties need in order to discuss settlement:

The parties need to complete depositions of certain fact witnesses before they will be prepared to discuss settlement.

### III. INITIAL DISCLOSURES AND SCHEDULING CONFERENCE:

#### A. <u>Initial Disclosures</u>

Rule 26(a)(1) disclosures:

☐ have been completed.   ☒ will be completed by **<u>November 19, 2019</u>**.

Unless otherwise ordered, mandatory disclosures required by Federal Rule of Civil Procedure 26(a)(1) must be made within fourteen (14) days of the parties' Rule 26(f) Conference. If any party is requesting additional time to provide disclosures, please explain why:

<u>Not applicable.</u>

#### B. <u>Scheduling Conference</u>

As explained in the Rule 26 Instruction Order, the Court may hold a Scheduling Conference (to be attended only by counsel and any unrepresented parties) before entering a Scheduling Order. Ordinarily, the Court will allow appearance via telephone. If any party is requesting that the Court hold a Scheduling Conference prior to the issuance of a Scheduling Order, please state so below:

<u>The parties request a Scheduling Conference by telephone to discuss their request to conduct discovery in phases, as well as filing a Motion for Summary Judgment after the first discovery phase is completed, as explained in further detail below.</u>

If a Scheduling Conference is necessary, it should be held no more than twenty (20) days after the submission of this Report. Should the Court deem a scheduling conference necessary, the parties are available for a Scheduling Conference on the following dates (if any party is not available until after the 20-day time period, please explain why):

<u>November 20, November 22, November 25, November 26, December 3, December 4, December 9.</u>

IV. **DISCOVERY**

Discovery will proceed more effectively and efficiently if the parties address discovery in the following sequential order:

First: Accomplishing all fact-based written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure, as well as the subpoena of documents, electronically stored information, and other tangible things from third parties under Federal Rule of Civil Procedure 45(d)(2);

Second: Conducting discovery depositions of fact witnesses who have not been designated as experts;

Third: Making all expert disclosures; and

Fourth: Conducting all expert depositions.

**Unless the parties show good cause to proceed otherwise, the parties must propose discovery deadlines that follow this sequential course. In other words, absent a specific showing of good cause, the parties should not propose one deadline to accomplish all discovery measures. Rather, the parties must propose sequential deadlines by which they shall successively accomplish each of the above four areas of discovery.**

If any party proposes discovery deadlines that do not follow the sequential schedule laid out above, please state the reason(s) why.

Not applicable.

Additionally, pursuant to Local Rule 26.1(d), the parties must complete all discovery within 140 days of the last answer of the defendants named in the original complaint. However, the Court will provide additional time upon a showing of good cause.

If any party proposes discovery deadlines that extend beyond the 140-day period, please state the reason(s) why.

The parties jointly propose discovery deadlines that extend beyond the 140-day period because the parties believe that conducting discovery in two phases will be the most cost effective means of conducting discovery in this matter. Specifically, Defendant New York Marine and Insurance Company contends that Plaintiff entered into a binding settlement agreement and release on October 23, 2018 prior to the initiation of this lawsuit. Plaintiff disputes that the alleged release encompassed the damages claimed in this action. The parties believe that discovery concerning the scope and legal effect of the alleged release between the parties should be conducted before additional discovery into

whether Plaintiff's alleged damages are covered under the subject policy and if so, the amount of covered damages.

### A. Fact-Based Written Discovery, Inspections, and Examinations

i. Written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by **December 31, 2019**.

ii. The maximum number of interrogatories, including sub-parts, which may be served by any party on any other party, is: 25.

If any party seeks to exceed the limit of twenty-five (25) interrogatories set by Federal Rule of Civil Procedure 33(a)(1), please state why:

Not applicable.

iii. Will any party seek to conduct any inspections of any land, premises, or other property under Federal Rule of Civil Procedure 34(a)(2) or 45(d)(2)? No

If yes, please describe the anticipated inspection(s) and state whether the inspection(s) should occur during the expert discovery period rather than during fact-based discovery.

Not applicable.

iv. Will any party seek to conduct any physical or mental examinations under Federal Rule of Civil Procedure 35? No

If yes, please describe the anticipated examination(s) and state whether the examination(s) should occur during the expert discovery period rather than during fact-based discovery.

Not applicable.

B. **Depositions of Non-Expert Witnesses**

  i. Discovery depositions of witnesses who have not been designated as experts will be completed by: **February 28, 2020**.

  ii. The maximum number of depositions (including all expert and non-expert) that may be taken by a party is: 10.

  If any party seeks to exceed the limit of ten (10) depositions set by Federal Rule of Civil Procedure 30(a)(2)(A)(i), please state why:

  Not applicable.

  iii. Depositions will be limited in duration by Federal Rule of Civil Procedure 30(d)(1), except the depositions of:

  Not applicable.

  which, by agreement, shall be limited as follows:

  Not applicable.

### C. Expert Discovery

i. Does the plaintiff(s) anticipate designating, calling, or otherwise relying upon any expert witnesses? Yes

ii. Does the defendant(s) anticipate designating, calling, or otherwise relying upon any expert witnesses? Yes

iii. Plaintiff(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **April 24, 2020**.

iv. Defendant(s) shall serve any and all expert reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and any and all disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) by **May 22, 2020**.

v. The parties shall conduct any and all discovery depositions of witnesses who have been designated as experts by **June 26, 2020**.

If any party anticipates any problems regarding expert discovery or any unique circumstances that the Court should be aware of regarding expert discovery, please explain:

___

### D. Agreed Discovery Procedures

    i.    Unique Circumstances

Are there any facts or circumstances unique to this case that will make fact or expert discovery more difficult or more time consuming? If so, please explain such facts and circumstances and the actions the parties have agreed upon to address them:

Yes. Defendant New York Marine and General Insurance Company alleges that Plaintiff entered into a release of all claims under the subject insurance policy and cannot recover additional damages in this lawsuit. Plaintiff disputes that the alleged release covers damages sought in this lawsuit. The parties jointly propose that discovery be conducted in two phases: first, pertaining to the scope and legal effect of the alleged release, and second, pertaining to whether Plaintiff's alleged damages are covered under the subject policy and if so, the amount of covered damages.

    ii.    Phased Discovery

Does any party propose that discovery be limited or proceed in phases? If so, please list each party making such a proposal and briefly explain the party's proposal:

(Phased discovery denotes discovery into one issue or set of facts first and then discovery into other issues or set of facts at a later time. Phased discovery does not include addressing fact-based discovery first and expert discovery thereafter. As explained above, sequentially addressing fact-based discovery measures first and expert discovery thereafter should be the normal course.)

The parties jointly propose that discovery proceed in phases. Specifically, the parties propose that discovery first pertain to the scope and legal effect of the alleged release entered between the parties, and second into whether Plaintiff's alleged damages are covered under the subject policy and if so, the amount of covered damages.

E. **Third-Party Discovery**

Does any party anticipate that it will request a substantial amount of discovery, including the production of documents and other tangible things, from any individual or entity that is not a party to this action? Yes

If so, please describe (i) any such third party and the discovery to be sought, (ii) any difficulties the parties anticipate in obtaining discovery from the third party, and (iii) whether the third party should participate in the scheduling conference.

Plaintiff anticipates obtaining discovery of the claim files, to the extent they contain non-privileged documents, etc., maintained by Hartford Steam Boiler Inspection and Insurance Company (after dismissal), Engle Martin & Associates, Christopher Taylor (Farmers Insurance Agent), ProSight Specialty Insurance, Affinity Agency Group, LLC/Affinity Club Underwriters, Envista Forensics, Moving Water Industries, and MMWI Pumps. Defendant New York Marine reserves any and all objections under the Rules to the 3rd party requests anticipated by Plaintiff.

The parties do not anticipate any difficulties in obtaining discovery from the third party to the extent that they can agree that any documents, etc. requested are non-privileged.

F. **Electronically Stored Information**

By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit as specifically required by the Rule 26 Instruction Order. The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.

      i.    Do the parties anticipate any disagreements about electronic discovery? If so, please explain:

No.

      ii.    Do the parties anticipate that any special provisions are needed in the Scheduling Order with respect to electronic discovery? If so, please explain:

No.

      iii.    Do the parties otherwise seek to bring any issue regarding electronic discovery to the Court's attention? If so, please explain:

None at this time.

G. **Privileged, Protected, and/or Confidential Communications and Information**

The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections as required by the Rule 26 Instruction Order.

  i. Have the parties reached an agreement regarding the procedures for asserting claims of privilege, confidentiality, or protection? Yes

If so, please briefly describe such agreement:

Any claims of privilege should be designated on a privilege log.

  ii. Are there terms of any agreement regarding privileged, protected, or confidential information that the parties wish to have memorialized in the Scheduling Order?

No

If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

Not applicable.

  iii. Are there any issues regarding claims of privilege, confidentiality, or protection as to which the parties have been unable to reach an agreement?

None at this time.

If so, please explain:

Not applicable.

## H. Protected Health Information

      i.    Do the parties anticipate that this case will involve an individual's medical records and/or protected health information, including any information that may be protected by the Health Insurance Portability and Accountability Act (HIPAA) and/or any state or federal privilege or protection for health information?

No

      ii.    Has any individual whose protected health information could be relevant to this case executed a release allowing for counsel of the opposing party to obtain protected health information directly from health care providers?

Not Applicable

      iii.    Have the parties reached any agreements regarding the protection of such information including any agreements regarding the further disclosure of such information?

Not Applicable

      iv.    Are there terms of any agreement regarding protected health information that the parties wish to have memorialized in the scheduling order? Not Applicable

If so, please explain or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters. Please include below, or in the attachment, a statement of good cause explaining the need for entry of such an order:

Not applicable.

      v.    Are there any issues regarding protected health information as to which the parties have been unable to reach an agreement? Not Applicable

If so, please explain:

Not applicable.

## V. MOTIONS

### A. Motions to Amend the Pleadings or to Add Parties

      v.    The plaintiff(s)    ☒ does    ☐ does not

anticipate the need to amend pleadings or add parties. Any motions requesting the Court's permission to amend pleadings shall be filed by **March 6, 2020**.

      vi.    The defendant(s)    ☐ does    ☒ does not

anticipate the need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by     .

If there are multiple defendants and less than all defendants anticipate needing to amend pleadings or add parties, please indicate which defendants so anticipate:

Not applicable.

      vii.    By Local Rule 16.3, all motions to amend pleadings or add parties are to be filed within sixty (60) days after the first filing of an answer. If any party is requesting more than this time, please state the reason(s) why such time is necessary.

Plaintiff requests additional time to allow for potential amendment pending completion of fact discovery relating to the scope of the alleged Release entered between the parties.

### B. Civil Motions (Except Motions in Limine)

All other motions, including motions for summary judgment and motions to exclude expert testimony on *Daubert* and other grounds (but excluding motions in limine), shall be filed by: **July 24, 2020**.

If any party is requesting a deadline to file motions (other than motions in limine) more than thirty (30) days after the deadline to complete discovery, please state the reason why such time is necessary:

Not applicable.

## VII. ADDITIONAL MATTERS

Please state any other matters to which the parties stipulate and/or which the court should know or consider before entering the Scheduling Order:[1]

Not applicable.

Dated: **November 19, 2019**

_____           _____
Pro Se Party (if applicable)             Pro Se Party (if applicable)


/s/ Ashley N. Harris                     /s/ William C. Harris
Counsel for Plaintiff(s)                 Counsel for Plaintiff(s)


/s/ E. Alan Miller                       /s/ William F. Prosch, III
Counsel for Defendant(s)                 Counsel for Defendant(s)
New York Marine and General              New York Marine and General
Insurance Company                        Insurance Company


/s/ Christy Maple
Counsel for Defendant(s)
Hartford Steam Boiler Inspection
and Insurance Company

---

[1] The parties need not include any trial-related matters in this statement. Following the motions filing deadline and the resolution of any dispositive motions, if this case is still pending, the Court will file its standard Order and Notice of Trial Preparation Requirements. After consulting with the parties, the Court will issue a Trial Preparation Scheduling Order tailored to the needs of this case. That order will set the pretrial conference and trial dates as well as deadlines for, amongst other matters, the submission of motions in limine and the joint proposed pretrial order.